USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/11/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

-against-

SABIRHAN HASANOFF,

Defendant.

------------------------------------------------------------X

10-CR-162 (KMW)
14-CV-7892 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Sabirhan Hasanoff ("Petitioner") petitions *pro se* for habeas relief pursuant to 28 U.S.C. § 2241, and, in the alternative, petitions for a writ of *audita querela*, based on the sentencing court's allegedly improper application of Section 3A1.4 of the United States Sentencing Guidelines, and his attorney's allegedly ineffective performance.

In a separate filing, also now before the Court, Petitioner requests to "supplement" his initial § 2255 petition with a petition for a writ of *coram nobis*, as a further alternative, based on the same grounds.

Petitioner's motion to amend is granted. However, it is plain from the face of Petitioner's amended application that he is not entitled to relief; thus, Petitioner's petition for habeas relief under § 2241 is summarily dismissed for lack of jurisdiction, and his petitions for writs of *audita querela* and *coram nobis* are both summarily denied.

## BACKGROUND

On March 2, 2010, a Grand Jury returned a sealed indictment charging Petitioner and Wesam El-Hanafi with one count of conspiracy to provide material support to a foreign terrorist

organization, namely Al Qaeda.  (ECF No. 6.[1])  A Superseding Indictment was filed on September 14, 2010, charging the same defendants in four counts.  (ECF No. 26.)

On June 4, 2012, Petitioner pled guilty to a two-count Superseding Information charging him with (1) providing and attempting to provide material support and resources to al Qaeda, in violation of 18 U.S.C. § 2339B, and (2) conspiring to provide material support and resources to al Qaeda, in violation of 18 U.S.C. § 371.  (ECF Nos. 102, 106.)  In his plea agreement, Petitioner stipulated to a United States Sentencing Guidelines ("Guidelines") offense level of 37, which included a 12-level enhancement, pursuant to U.S.S.G. § 3A1.4(a), for felonies involving, or intended to promote, a federal crime of terrorism.  (ECF No. 237 at 13.)  This Court agreed with the stipulated Guidelines calculation, and noted that Petitioner's resulting Guidelines range was far in excess of the twenty-year statutory maximum for the offenses to which he pled guilty.  (Civil ECF No. 1 at 41.)  The Court sentenced Petitioner to 216 months' imprisonment.  (*Id.* at 43–44.)

On September 30, 2014, Petitioner filed a petition to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255, based on the allegedly ineffective performance of his defense attorney.  (Civil ECF No. 1.)  This Court denied his petition in a sealed order on November 3, 2016.  (Civil ECF No. 17.)  Petitioner moved for a certificate of appealability from the Second Circuit, and the Second Circuit denied his motion on June 12, 2017.  (Civil ECF No. 19.)

On October 27, 2019, Petitioner submitted the instant petition for habeas relief under 28 U.S.C. § 2241, or, in the alternative, for a writ of *audita querela* pursuant to 28 U.S.C. § 1651.

---

[1] All ECF numbers refer to Petitioner's criminal docket unless otherwise stated.

(ECF No. 237.) On October 29, 2019, Petitioner submitted a request to "supplement" his initial petition with a request that the Court consider his initial petition, in the alternative, as a petition for a writ of *coram nobis*. (ECF No. 238.)[2]

## LEGAL STANDARD

"A federal court presented with a petition for a writ of habeas corpus 'shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.'" *Cephas v. Nash*, 328 F.3d 98, 103 (2d Cir. 2003) (quoting 28 U.S.C. § 2243). "Implicit in this directive is the power to dismiss a habeas petition when it is patently apparent that the court lacks jurisdiction to grant the relief demanded." *Id.* These same standards apply to petitions for common law writs of *audita querela* or *coram nobis*, at least insofar as those writs are sought, in lieu of a statutory writ of *habeas corpus*, to challenge the validity of a prisoner's detention. *See Fleming v. United States*, 146 F.3d 88, 90 n.2 (2d Cir. 1998) ("Because of the similarities between *coram nobis* proceedings and § 2255 proceedings, the § 2255 procedure often is applied by analogy in *coram nobis* cases."); *see also Medina v. United States*, 2012 WL 742076 (S.D.N.Y. 2012) (Oetken, J.) (dismissing petition for writ of *coram nobis*, *sua sponte*, where it is plain relief cannot be granted).

## DISCUSSION

Petitioner claims this Court should not have applied the 12-level enhancement to his offense level under U.S.S.G. § 3A1.4(a) because the Sentencing Commission developed that provision in violation of a clear Congressional directive. (Petitioner's Motion ("Pet. Mot.") at

---

[2] The initial motion was docketed on November 5, 2019. The "supplement" was docketed on November 21, 2019.

3

6–8.) Petitioner also claims his counsel was ineffective for failing to raise this argument at sentencing or in his § 2255 proceedings. (*Id.* at 2–3.) Petitioner claims he can properly bring these claims as a petition for habeas relief under 28 U.S.C. § 2241, or, alternatively, in a petition for a writ of *audita querela*. In his supplemental filing, he asks the Court to grant him, as a further alternative, a writ of *coram nobis*. (ECF No. 238.) The Court considers each application in turn.

I. **Petition for Habeas Relief Under 28 U.S.C. § 2241**

"A challenge to the *execution* of a sentence—in contrast to the *imposition* of a sentence—is properly filed pursuant to § 2241." *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006). "Execution of a sentence includes matters such as 'the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" *Id.* (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). "Section 2255, on the other hand, is the proper vehicle when the federal prisoner seeks 'to challenge the legality of the *imposition* of a sentence by a court.'" *Pointdexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003) (quoting *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 2003)).

Despite this delineation between § 2241 and § 2255, "[i]n some very limited circumstances, claims that fall within the substantive scope of § 2255 may properly be made in a petition filed under § 2241." *Id.* at 378. This exception applies where § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255(e), such as where relief under § 2255 is procedurally unavailable yet denying a prisoner the opportunity for collateral review would "raise serious constitutional questions." *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997).

4

Relief under § 2255 commonly becomes procedurally unavailable when a prisoner's § 2255 petition has been denied on its merits, and he does not obtain certification from the court of appeals to file a second or successive § 2255 petition, which certification is required by the Antiterrorism and Effective Death Penalty Act ("AEDPA").[3] *See* 28 U.S.C. § 2255(h); *see Nelson v. United States*, 115 F3d 136, 136 (2d Cir. 1997) (district court lacks jurisdiction over successive § 2255 petitions unless certification is obtained). Nonetheless, § 2255 "is not inadequate or ineffective, such that a federal prisoner may file a § 2241(c)(3) petition, simply because a petitioner cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255 motion." *Jiminian*, 245 F.3d at 147–48.

Petitioner's claims plainly fall within the substantive scope of § 2255. His complaints that U.S.S.G. § 3A1.4(a) should not have been applied to his sentence, and that his lawyer was ineffective for failing to make this argument, address the manner in which his sentence was imposed, rather than the manner in which it was executed.

Thus, his claims may be brought only under § 2255, unless the above-described exception permits them to be brought under § 2241.

The exception does not apply here because Petitioner has already had a § 2255 petition denied on its merits, and his instant claims were available to him on direct appeal and when he made the initial § 2255 petition. Although he asserts that developing these claims would require

---

[3] AEDPA requires prisoners who wish to make a second or successive § 2255 petition to demonstrate to the Court of Appeals that their claim is based on "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also id.* § 2244.

5

extensive legal research, Petitioner does not argue that the claims are based on any rule of law or factual predicate that was previously unavailable to him. Petitioner does not seem to have even attempted to obtain certification to bring a second § 2255 petition. But even if, as Petitioner seems to concede, he cannot obtain certification, he still cannot bring his claim under § 2241. *See Jiminian*, 245 F.3d at 147–48.

When presented with a § 2241 petition that is improper for this reason, "the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the court of appeals] for certification, or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction." *Adams v. United States*, 372 F.3d 132, 136 (2d Cir. 2004) (citation omitted).

The Court follows the latter course of action. The Second Circuit has recognized only one situation where a petitioner, procedurally barred from § 2255 relief, may nevertheless advance a claim under § 2241: "cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'" *Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363)). Petitioner's claim, which does not assert actual innocence at all, plainly fails to meet either requirement. The Court sees no reason why barring Petitioner from pursuing his claim further would otherwise raise "serious constitutional questions." Accordingly, Petitioner's petition for relief under § 2241 is dismissed for lack of jurisdiction.

## II. Petitions for Writs of *Audita Querela* and *Coram Nobis*

Petitioner alternatively petitions for a writ of *audita querela* pursuant to the All Writs Act, 28 U.S.C. § 1651. Petitioner also requests, in a supplemental filing, that the Court grant him a writ of *coram nobis*, on the same grounds, and under the same statutory authority.

The Court interprets Petitioner's supplemental filing as a motion to amend his initial petition for habeas relief. This motion is governed by the liberal amendment standards set out in Federal Rule of Civil Procedure 15, and it is granted. *See Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001); *see also* Fed. R. Civ. P. 15(a) (leave to amend should be freely granted).

That said, Petitioner is entitled to neither a writ of *audita querela* nor a writ of *coram nobis*. The Second Circuit acknowledged in *Triestman* that these common law remedies might be available if "their existence were necessary to avoid serous questions as to the constitutional validity of both § 2255 and § 2244—if, for example, an actually innocent prisoner were barred from making a previously unavailable claim under § 2241 as well as § 2255." *Triestman*, 124 F.3d at 380 n.24. But, because § 2255 provides Petitioner an adequate remedy, and Petitioner does not claim he is actually innocent or make any previously unavailable arguments, that situation is not before the court. *See id.* Thus, the petitions for writs of *audita querela* and *coram nobis* are denied.

## CONCLUSION

Although Petitioner's motion to amend his initial petition for habeas relief under 28 U.S.C. § 2241 is GRANTED, the amended petition is DISMISSED for lack of jurisdiction. The petition for a writ of *audita querela* is DENIED. The petition for a writ of *coram nobis* is DENIED.

SO ORDERED.

Dated: New York, New York
February __, 2020

_Kimba M. Wood_
KIMBA M. WOOD
United States District Judge

7